UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JORDAN PENTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-cv-4168 |
| | ) |
| ILLINOIS DEPARTMENT OF HUMAN | ) |
| SERVICES, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER #2

The Court dismissed Plaintiff's original complaint with leave to amend. (Doc. 14). Plaintiff has now filed a Motion to Amend/ Correct Complaint (Doc. 18). The motion is granted.

Plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("TDF" or "Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. § 1915(h). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). This Court grants leave to proceed in forma pauperis only if the complaint states a federal action.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that TDF officials have tampered with his mail and/or failed to send out his letters.  He believes tampering must have happened because he has mailed many letters to elected officials, but not received any responses.  Plaintiff states that some of these letters have been marked returned to sender by the recipient, but "not all of them, only a few."  Plaintiff alleges that Defendant Miller, Defendant Peterman and Defendant Demaree were responsible for handing out and sending out mail during this time period.  Plaintiff alleges that Defendant Posey's investigation into his grievances on the matter was insufficient. Plaintiff also alleges that mail is not being delivered pursuant to TDF policy.  Specifically, Plaintiff and others are now required to go and open their mail in front of mail staff.  Plaintiff alleges they do not have a memorandum that states they have to do open their mail in this manner.  Finally, Plaintiff alleges that he was charged for postage for letters he does not recall mailing.

Plaintiff's elected officials are not required to respond to Plaintiff's correspondence no matter how many letters he sends, and the lack of responses, on its own, is not sufficient to permit a plausible inference that TDF officials have thrown out or otherwise tampered with his mail.  Moreover, Plaintiff's admission that some letters were returned to him marked "return to sender," provide evidence that the letters were in fact mailed out of the TDF mailroom.  Plaintiff has not alleged how the named defendants were personally involved in any constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

Plaintiff has no constitutional right to be alone when opening his mail and he has not alleged that TDF officials are reading his legal mail. *See Wolff v. McDonnell*, 418 U.S. 539, 577 (1974) (requirement that legal mail be opened in the presence of prison officials does not infringe on a prisoners' constitutional rights where mail was not read by prison officials).

Finally, if Plaintiff was incorrectly charged for postage, he has not shown facts sufficient to state a constitutional violation. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . . ." Plaintiff has a property interest in money he has in an intuitional account. *See Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986). However, the amendment requires a loss of property *without due process*, and Plaintiff's allegations do not plausibly demonstrate that that he is without due process of law for his alleged loss. *See Elizarri v. Sheriff of Cook Cnty.*, 901 F.3d 787, 789 (7th Cir. 2018) ("[A] guard's negligent loss of belongings, while potentially tortious under state law, does not violate the Constitution.").

Plaintiff's complaint is dismissed for failure to state a claim. He will be given an opportunity to file a second amended complaint as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**Motions for Free Copy of Lawsuit (Docs. 16 and 17)**

Plaintiff seeks a file stamped copy of his lawsuit. The motions are GRANTED IN PART and DENIED IN PART. The Clerk is directed to provide Plaintiff with a copy of the docket sheet. However, if Plaintiff is also seeking filed stamped copy of any individual filing, he is advised that "[a]ll requests for file-stamped copies of documents must be accompanied by a stamped, self-addressed envelope and an extra copy to be file-stamped and returned." CDIL-LR

16.3(B)(3). Otherwise, requests for copies of previously filed documents may be directed to the clerk's office and Plaintiff will be charged $.50 a page.

### Motion to Request Counsel (Doc. 20)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint [18] is GRANTED. The Clerk is directed to docket the proposed amended complaint attached to the motion.**

2) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff shall have 30 days from the entry of this order to file a second amended complaint. Failure to file a second amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's second amended complaint will replace Plaintiff's original and amended complaints in its entirety. The second amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

3) **Clerk is directed to send Plaintiff a blank complaint form.**

4) **Plaintiff's Motions [16] and [17] are GRANTED IN PART and DENIED IN PART. The Clerk is directed to provide Plaintiff with a copy of the docket sheet.**

5) **Plaintiff's Motion [20] is DENIED with leave to renew.**

6) **Plaintiff has filed a renewed Motion to Proceed** *in forma pauperis* **[19]. The Court finds this updated motion replaces the previous Motion to Proceed** *in forma pauperis* **[3] and, therefore, Plaintiff's Motion [3] is dismissed as moot.**

Entered this 4th day of March, 2024.

/s/ Sara Darrow
SARA DARROW
CHIEF U.S. DISTRICT JUDGE